# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

WILLIAM LEE EVANS,

          Plaintiff,

v.                                           Case No. 25-CV-884

BROWN COUNTY SHERIFF DEPARTMENT,
and INMATE TRANSPORTATION DEPARTMENT,

          Defendants.

## ORDER

Plaintiff William Lee Evans, who is incarcerated and representing himself, filed a complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. (ECF No. 1.) Evans also filed a motion for leave to proceed without prepayment of the filing fee. (ECF No. 2.)

**MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

The Prison Litigation Reform Act (PLRA) applies to this case because Evans was incarcerated when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time through deductions from his prisoner account. *Id.*

Evans filed a motion for leave to proceed without prepayment of the filing fee. (ECF No. 2.) On July 17, 2025, the court ordered Evans to pay an initial partial filing fee of $146.53 by August 18, 2025. (ECF No. 6.) Evans paid the fee on August 14, 2025. The court will grant Evans's motion for leave to proceed without prepayment of the filing fee and allow him to pay the remainder of the filing fee over time in the manner explained at the end of this order.

## SCREENING OF THE COMPLAINT

*Federal Screening Standard*

Under the PLRA the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp.*

*v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983 a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Morris Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

*Evans's Allegations*

Evans alleges that on June 5, 2025, transportation officers employed by the Brown County Sheriff's Department did not properly buckle him into the transport van. (ECF No. 1 at 2.) The driver of the van was on his phone while driving, which caused him not to pay attention to the road. (*Id.*) As a result, to avoid a car accident the driver had to slam on the breaks. (*Id.*) This caused Evans to go "flying from the back of the van (which is all steel inside) to the front head first, to where my head hit the steel beam and scared [*sic*] up my left arm from sliding on the steel rigged [*sic*] metal floor." (*Id.* at 2.)

*Analysis*

Evans claims that the defendants violated his rights when they failed to properly secure him in the transport van and then drove recklessly, causing him to suffer significant injuries. "The Eighth Amendment "protects prisoners from prison conditions that cause 'the wanton and unnecessary infliction of pain.'" *Pyles v. Fahim*, 771 F.3d 403, 408 (7th Cir. 2014) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). As such, prison officials are required to "take reasonable measures to guarantee the safety of inmates." *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994). ""A § 1983 claim based upon a violation of the Eighth Amendment has both an objective and subjective element: (1) the harm that befell the prisoner must be objectively, sufficiently serious and a substantial risk to his health or safety; and (2) the individual defendants were deliberately indifferent to the substantial risk to the prisoner's health and safety." *Collins v. Seeman*, 462 F.3d 757, 760 (7th Cir. 2006).

The Seventh Circuit Court of Appeals has determined "that the Constitution does not guarantee seatbelts during transport, so the failure to provide a seatbelt generally is not enough to establish a claim under section 1983." *O'Quinn v. Williams*, Case No. 23-C-50276, 2025 WL 2418410 at *4 (N.D. Ill. Aug. 21, 2025) (citing *Dale v. Agresta*, 771 F. App'x 659, 661 (7th Cir. 2019). The Seventh Circuit has also acknowledged that "other circuits have concluded that, without reckless driving or other exacerbating circumstances, failing to seat-belt a shackled inmate does not pose a substantial risk of serious harm." *Dale*, 771 F. App'x at 661 (collecting cases). Reckless driving, according to these cases, includes where the

4

prison official was driving in excess of the speed limit; following other cars too closely; prison officials refusing to fasten a seatbelt; and stopping abruptly. *Id.*, *see also O'Quinn* 2025 WL 2418410 at * 4 (summarizing cases).

Evans sufficiently alleges an Eighth Amendment claim because, in addition to alleging that the defendants failed to buckle him in, he also alleges that the driver of the van was reckless. As this case progresses, Evans will be required to show that the defendants were aware that he was not properly secured but drove away anyway and drove recklessly. Otherwise, the defendants' actions would amount to simple negligence, which is insufficient to state an Eighth Amendment claim. *See Wilson v. Adams*, 901 F.3d 816, 820 (7th Cir. 2018).

The court notes that Evans has sued the wrong defendants. Section 1983 allows a plaintiff to sue a "person" who, acting under color of law, violates his constitutional rights. The Brown County Sheriff's Office and the Inmate Transportation Department are not people. As such, Evans cannot sue them. He can, however, proceed against the individuals who failed to properly buckle him in and who transported him.

The court will replace the Brown County Sheriff's Department and the Inmate Transportation Department with those defendants. It does not appear that Evans knows the names of these individuals. As such, the court will use John Doe placeholders and will add Brown County Sheriff Todd J. Delain as a defendant for the limited purpose of helping Evans identify the names of the Doe defendants. *See Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 556 (7th Cir. 1996). Sheriff

5

Delain does not have to respond to the complaint. After Sheriff Delain's lawyer files an appearance in this case, Evans may serve discovery upon Sheriff Delain (by mailing it to his attorney at the address in his notice of appearance) to obtain information that will help him identify the names of the Doe defendants.

For example, Evans may serve interrogatories (written questions) under Rule 33 of the Federal Rules of Civil Procedure or document requests under Federal Rule of Civil Procedure 34. Because Evans does not state a claim against Sheriff Delain, Evans's discovery requests must be limited to information or documents that will help him learn the real names of the John Doe defendants he is suing. Evans may not ask Sheriff Delain about any other topic, and Sheriff Delain is under no obligation to respond to requests about any other topic.

After Evans learns the names of the individuals he alleges violated his constitutional rights, he must file a motion identifying their real names so the court can replace the John Doe placeholders. The court will dismiss Sheriff Delain as a defendant once Evans identifies the Doe defendants' names. After the defendants have an opportunity to respond to Evans's complaint, the court will set a deadline for discovery. At that point, Evans may use discovery to get the information he believes he needs to prove his claims.

Evans must identify the names of the John Doe defendants within sixty days of Sheriff Delain's attorney filing a notice of appearance. If he does not do so, or does not explain to the court why he is unable to do so, the court may dismiss his case based on his failure to diligently pursue it. Civil L. R. 41(c).

## CONCLUSION

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Evans's motion for leave to proceed without prepayment of the filing fee (ECF No. 2) is **GRANTED.**

**IT IS FURTHER ORDRED** that the Brown County Sheriff's Office and the Inmate Transportation Department be replaced with John Doe Driver and John Doe Transportation Officer.

**IT IS FURTHER ORDERED** that Brown County Sheriff Todd J. Delain shall be named as a defendant for the limited purpose of helping Evans identify the Doe defendants' names. The clerk's office will update the docket accordingly.

**IT IS FURTHER ORDERED** that the U.S. Marshals Service shall serve a copy of the complaint (ECF No. 1) and this order upon defendants Sheriff Delain pursuant to Federal Rule of Civil Procedure 4. Evans is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). The U.S. Marshals Service will give Evans information on how to remit payment. The court is not involved in collection of the fee.

**IT IS ALSO ORDERED** that Sheriff Delain does not have to respond to Evans's complaint; however, he must respond to Evans's discovery requests as described in this order.

**IT IS FURTHER ORDERED** that Evans identify the real name of the Doe defendants within 60 days of Sheriff Delain's attorney's appearance in the case. If he does not do so, or does not explain to the court why he is unable to do so, identify their real names, the court may dismiss his case based on his failure to diligently pursue it. Civil L.R. 41(c).

**IT IS FURTHER ORDERED** that the agency having custody of Evans shall collect from his institution trust account the $203.47 balance of the filing fee by collecting monthly payments from Evans's prison trust account in an amount equal to 20 percent of the preceding month's income credited to Evans's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Evans is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this order along with his remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Evans is confined.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

8

Case 2:25-cv-00884-WED    Filed 10/23/25    Page 8 of 10    Document 7

inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> 517 E. Wisconsin Avenue, Room 362
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

Evans is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. Evans is reminded that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. Evans's failure to keep the court advised of his whereabouts may result in the dismissal of this case without further notice.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Evans may find useful in prosecuting his case.

9

Dated at Milwaukee, Wisconsin this 23rd day of October, 2025.

BY THE COURT

WILLIAM E. DUFFIN
United States Magistrate Judge